Mr. Chiee Justice Bingham
delivered the opinion of the Court: .
This is a petition for a writ of mandamus against the Commissioners of the District of Columbia.
The petitioner avers that he has been a resident of this District for twenty-five years; that for fourteen years last past he has carried on the business of a retail grocer and liquor merchant at No. 726 Seventh Street S. W., in the City of "Washington, and in said business has sold among other articles of merchandise, liquor in quantities less than a pint; that he has always taken out all licenses required by law; that he resides with his family on the said premises; and that he has always conducted his business in a decent, proper and law-abiding manner, and there has not been any complaint, or cause for complaint, against him or his place of business. He also says that at the expiration of the last license year, in October last, he filed with the Commissioners of the District an application for a retail liquor license, which application fully complied with and conformed to the law in all respects, and was duly approved by the police; but that the Commissioners refused-to consider and act upon his application, for the the reason that on October 18, 1887, they had by order (of -which he files a copy with his petition) declared that retail liquor licenses would be refused for the current year to all grocery and provision stores. He states, further, that he addressed a letter touching his application to the Commissioners (of which also he files a copy as an exhibit), and received a reply showing their refusal to consider his application and the reason therefor; a copy of this reply he files as a third exhibit, and it is thereby shown that the Commissioners did refuse to consider the application of the petitioner for the reason that he was engaged in the grocery business.
In their return to the rule which was issued on this petition the Commissioners claim that, as Commissioners of the District of Columbia, they are the successors to the *415 Board of Metropolitan Police of the District, and are charged with the duty of licensing the sale of liquors, and the keeping of barrooms in the District, and that by a provision of law they are permanently vested with a discretion in respect to such licenses; that in the due exercise of their discretion, in October, 1887, they adopted certain rules and regulations for their guidance, and, among other things, resolved that during the license year, beginning November 1, 1887, they would not grant any retail liquor license to the proprietor of any grocery or provision store; and that these rules and regulations were adopted, because in their judgment in the exercise of such discretion, said rules and regulations were proper and necessary to the due limitation of the sale of liquor in the District, and the preservation of peace and good order therein.
They admit that the relator, John D. Manion, in October 1887, made application to them in due form of law for a license to keep a bar or sample room at the place named in the petition, and that the petition was accompanied by the proper showing of the consent of the majority of the owners and residents in the vicinity, in accordance with the requirements of the law in that behalf; bút they say that thereupon said petition was referred for investigation and report to the duly authorized officers of the District of Columbia in that behalf, who among other things, reported to the respondents that the premises in question were used as a grocery store, which report in that respect they aver to be true; that thereupon, upon consideration of the same by them on the 31st of October, 1887, because of the premises, they disapprove said application and refuse to issue said license ; and that they are advised that the giving or withholding such license as aforesaid rests in their sound discretion, and that their exercise of such discretion and judgment accordingly is not subject to review by this Court.
The first question presented is whether this return made by the Commissioners is to be construed as conclusive of the *416 question; that is whether it shows that they have done the precise thing that the relator asks in his petition they shall do — duly consider the application and determine it upon its merits, in their discretion. They say that on the 31st of October, upon consideration of the application and because of the 'premises they refused to grant a license. It is claimed on the one hand that this language means they considered the application; that they did exercise their discretion and judgment and determine not to issue this license and that this is the end of the matter. On the other hand it is claimed that it is clearly shown from the return taken in connection with the record in the case, that they simply determined not to consider the ;case upon ascertaining that the applicant was the keeper of a grocery store, in accordance with a general rule that they had previously adopted not to license any grocery or provision store.
The contention is that the Commissioners had to consider the application in order to reject or refuse it, and. that the consideration of the applicant’s qualifications necessarily involved the inquiry as to whether he had obtained the consent of a majority of the citizens in the vicinity, as well as the question of his keeping a grocery store, that all of these matters were thus in fact considered and must have been considered in order to discover that the applicant’s case came within the regulations above mentioned.
But looking at the entire return it appears that they recite their action in the adoption of this rule in October, 1887, and that after the application was filed they sent out their officer who reported to them that the applicant was the keeper of a grocery, and that thereupon the application was considered and rejected. This, we think, means that the application was rejected because of the fact that the applicant was a grocery keeper and came under the rule which they had adopted in October, 1887, and with this view we have examined the real question in the case.
The question is, may the Commissioners by rule de *417 termine that no license shall he granted to keepers of grocery and provision stores.
It is claimed by counsel for the petitioner that this is legislation, and that the Commissioners are not invested with any such power; that they must exercise their discretion with reference to each application as it is presented, and determine it on its merits; that they cannot by a rule exclude a class of persons from making applications and having them duly considered upon their merits.
Some authorities have been presented to us in supposed support of this view, and the authority which probably furnishes us as much light as any upon the particular question is a decision in one of the Pennsylvania reports, Schlandecker vs. Marshall, 72 Pa., 200. The Court there held that it was not within the power of the proper court in Pennsylvania to resolve that no license should be granted; neither was it proper for them to say that all licenses should he granted whenever applied for or by whomsoever applied for; but that the real duty of the Court was to examine each application as it was made, and determine whether, under the circumstances, a license should be issued or refused in each particular case.
There was no question in that case whether the Court might not determine in advance that'a particular state of circumstances arising in any case would prevent a license from being issued, or that where it was shown that particular traits of character were present in the applicant they would not issue a license to such a person; nor was it decided in that case that the Court might not predetermine that they would not issue a license for retailing in particular places or localities, or to a particular class of persons engaged in a particular kind of business.
In Michigan the business of selling liquor is unlawful. But the legislature very ingeniously enacted a statute by which persons who engaged in the sale of intoxicating liquors should be taxed a certain amount of money, and providing *418 certain penalties if those taxes were not paid. It is under such a statute that the case was decided to which our attention has been called. We think it does not reflect any light upon the case here, nor is any satisfactory light to be obtained from the other cases cited.
Were the Commissioners invested with the power to determine in advance by rule that they will not issue licenses in certain instances? For example, may they say, “We will not issue any license to retail liquors in any domicile.” May they say by rule, “We will not issue a license for selling intoxicating liquors within a certain number of feet of a schoolhouse or church?” May they limit the number of licenses that they will issue in the aggregate, say, to one thousand or five hundred in the entire city, and then distribute those over the city so that there may be a fair proportion of liquor sellers in each of the districts of the same?
We are of the opinion that they may do all or any of these things. If they are invested with such discretion may they not by rule made in advance say that in given instances they will not issue a license, if it is apparent that there is some good reason for making such rule? If it is an arbitrary rule, made without any cause or reason for it, and is simply oppressive, it would be beyond the power of the Commissioners, and this Court might so determine. But if it is really made with some apparently good reason this Court will not consider whether under the circumstances if we were called upon to make the rule we would consider its adoption wise or unwise, but must stop with simply finding that it was a fair exercise of discretion in a matter in which the Commissioners are empowered to exercise their discretion, and that having exercised it the controversy is at an end.
Now they have said that no license to sell liquor by retail shall be granted a grocery or provision store. We think there is some reason for such a rule. We think that in well known facts such a reason can be found. We all *419 know as a. matter of fact that families are intimately connected with these places of business; that the wife, the mother, the children and servants of the family go to these places for the purpose of purchasing the articles necessary for the family and would be brought into the presence of this traffic if it is thus permitted. And we all understand that all places where liquors are sold by retail usually become known to those persons who desire to drink them, and persons who resort to places where liquors are sold are not always in a sober condition when they go there, and that even under circumstances where the keeper of such a place exercises all the diligence aud authority he is capable of exercising, there will still be instances of disorder; and if the sale of liquor is permitted in places to which servants, children, and women all resort for the legitimate purpose of purchasing supplies for the family, they will be brought more or less in contact with the traffic, and with more or less of its incidents.
How potent such a reason as this ought to be is not for us to say. Whether it ought to be sufficient to preclude the issuing of a license by the Commissioners is not for us to say. No appeal lies from their decision to this Court upon any proposition of that kind. But so far as power is concerned the Commisssoners may, in precisely the same way that they might say in reference to bawdy and gambling houses, determine that they will not issue a license to any place where groceries and provisions are sold to retail spirituous liquors.
This does not imply that the person engaged in the business of conducting a grocery or provision store may not be a very respectable man and a good citizen. It is found simply that the effect of bringing the business of keeping a grocery and provision store into conjunction with the retailing of spirituous liquors is bad in its tendency. While all persons in the District have the same right to retail spirituous liquors and to receive a license from the Commissioners, *420 in the abstract, it is not a question that the Commissioners are invested with the power to refuse any person who may make application for a license for any good reason, and we think that those reasons may be special and may relate to the particular person — something confined to him alone, his own personal qualities. They may relate to the place in which he proposes to sell; they may relate to the kind of business that he is proposing to carry on in conjunction with the retailing of liquors; and there may be a case, in fairness, equity and justice, where the rule should be general and extend to all persons who may engage in a business and who may desire in connection therewith to retail spirituous liquors.
We are not to say that the Commissioners may not by a rule of this description predetermine that as to a particular class of persons engaged in a particular business, they will not issue a license, the only requirement being that it should be a reasonable rule, and not arbitrarily adopted.
For these reasons, the application for a writ of mandamus is refused.